The State of Ohio, Appellee, *v.* McCoy, Appellant.

[Cite as State v. McCoy (1973), 33 Ohio App. 2d 261.]

(No. 1-72-47—Decided March 14, 1973.)

*Mr. Anthony J. Demeo,* for appellant.
*Mr. George Lord,* for appellee.

Guernsey, P. J. This is an appeal by the defendant, charged in the name of Luetta J. McCoy, but also more properly known as Lou Etta J. McKoy, from a judgment of the Municipal Court of Lima convicting and sentencing her for the crime of shoplifting.

During the trial, as a part of the rebuttal evidence of the state, the court permitted an alleged expert to testify over the objections of the defendant, that surveys had revealed that the types of persons who normally steal from Lazarus department stores, such as the store in which the offense was alleged to have taken place, are persons who have the ability to pay for the stolen merchandise, 80% of whom are 25 years of age or under.

Similarly, over objection, the state adduced evidence on rebuttal to the effect that during the month previous to the alleged theft (from a ladies' department) the defendant was seen in a men's department in the same store accompanied by another woman; that they had a child in a shopping cart; that she was looking at pants; that a clerk

noticed a pair of pants "down inside a shopping bag in the cart from the table where she was looking at pants"; that she had not paid for the pants; that the clerk called a store security official to observe; that the defendant left the men's department and went into another; that the clerk and security official then found the pants and a colored shirt on a table other than in the general location where they had been displayed; that the defendant and the woman with her would split up from time to time as they "shopped," each being with the cart from time to time; and that, the merchandise being "ditched," no arrest was made.

The trial judge charged the jury that the defendant must be found guilty beyond a reasonable doubt and defined that term in his own language.

Defendant's first assignment of error relates to the trial court's "permitting the testimony of a so-called expert, regarding the type of persons who commit shoplifting offenses and in permitting the state of Ohio to use such a witness for the purpose of attacking the credibility and reputation of the defendant by stating reasons why people shoplift."

The record discloses that no objection was made by counsel for the defendant to the testimony of the alleged expert as to the reasons why people shoplift. The objection to such testimony was thereby waived.

The only testimony under this claim of error to which objection was properly taken was the testimony that the types of people who normally steal in Lazarus stores are able to pay for the merchandise which they take and that 80% of such shoplifters are 25 years of age or under. Defendant testified that she was 25 years of age and there was evidence in the record from which it could be concluded that she had the ability to pay for the lady's pants suit alleged to have been taken. Obviously the effect of this expert testimony was to show that the defendant fit the category of persons found by the survey to be the normal shoplifter in Lazarus stores. It constituted an attempt to make the jury infer her guilt by the following syllogistic reasoning:

1. Shoplifters are normally able to pay for the mer-

chandise taken and 80% of them are 25 years of age or under.

2. The defendant is able to pay for the merchandise which was taken and is 25 years of age.

3. The defendant is, therefore, a shoplifter.

However, this reasoning would have probative value to prove guilt only if the premise was that *everybody* who is able to pay for the merchandise taken and is 25 years of age or under is a shoplifter. It does not follow from the fact that shoplifters normally have certain defined characteristics, among other characteristics, that people having these defined characteristics are shoplifters. Such proof does not even approach the requirements of probability generally applicable to opinion evidence.

In addition to the evidence lacking probative value the eliciting of such testimony also constitutes an attempt to invade the province of the jury in that the expert is saying, in effect, that the defendant is guilty of the crime charged because she possessed certain defined characteristics. The ultimate issue of guilt is for the jury.

We conclude that the admission of the testimony of the alleged expert as to the ability of shoplifters generally to pay for merchandise and as to their age constitutes error prejudicial to the defendant.

The second claim of error is in permitting the testimony of Lazarus employees regarding similar acts "which in no way were connected to this defendant."

Again the record discloses that only one objection was made by counsel for the defendant to the testimony of the two witnesses who testified to the previous occurrence in the men's department of the store. That objection was made to the question, "And what did you do then?" The defendant thus failed to reserve this issue for review and her assignment of error is not well taken.

The third assignment relates to the court's "refusing to give the statutory definition of 'beyond a reasonable doubt.' "

Although defendant's counsel maintains that he made specific request to the trial court to read the statutory de-

finition the record does not support that assertion. In any event, the charge on reasonable doubt given by the court was substantially in accordance with the definition set forth in R. C. 2945.04 and we find no error prejudicial to the defendant in the respect claimed.

Defendant's fourth assignment of error that the trial court erred in overruling her motion for a new trial is argued largely in the same terms as was the first assignment of error. For the same reasons as stated in our discussion thereof the motion for new trial should have been granted.

The last assignment relates to errors "manifest upon the face of the record." Defendant has not invited our attention to any of such errors and we find none other than heretofore mentioned.

For the prejudicial errors thus found the judgment of the trial court is reversed and vacated and the cause is remanded to that court for new trial and further proceedings provided by law.

*Judgment reversed.*

COLE and MILLER, JJ., concur.